# IN THE COURT OF APPEALS OF TENNESSEE

# MIDDLE SECTION

# AT NASHVILLE, TENNESSEE

| | | |
|---|---|---|
| E. SHARON SANFORD, | ) | |
|     Plaintiff/Appellant, | ) | APPEAL NO. |
| | ) | 01-A-01-9606-CV-00251 |
| v. | ) | |
| | ) | |
| METROPOLITAN GOVERNMENT OF | ) | |
| NASHVILLE and DAVIDSON COUNTY; | ) | DAVIDSON CIRCUIT |
| CORY McCLELLAN, individually, and in | ) | NO. 93C-260 |
| his official capacity; and CHARLES | ) | |
| STEVENS, individually, and in his official | ) | |
| capacity, | ) | |
|     Defendants/Appellees. | ) | |

**FILED**

**February 12, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

## ORDER

Plaintiff/appellant, Sharon E. Sanford, has filed a petition to rehear. Mrs. Sanford limited her petition to a rehearing of the fifth issue of her appeal which she claims this court failed to address in its opinion. Mrs. Sanford is correct. Therefore, we grant the petition to rehear.

Mrs. Sanford's fifth issue was: "Did the trial court abuse its discretion by awarding Mrs. Sanford only 20% of the discretionary costs she sought for prosecuting her lawsuit against the Metro Government, when no objection was raised to the reasonableness of the expenses?" Both parties had an opportunity to fully argue this issue prior to the filing of this court's opinion. Thus, it is the opinion of this court that no further briefing or argument is necessary.

Discretionary costs "are allowable only in the court's discretion." Tenn. R. Civ. P. 54.04(2); *see Lock v. National Union Fire Ins. Co.*, 809 S.W.2d 483, 490 (Tenn. 1991). In this case, the court ordered Metro to pay twenty percent of Mrs. Sanford's discretionary costs because the court had allocated twenty percent of the fault to Metro. It is the opinion of this court that the trial court did not abuse its discretion when it awarded discretionary costs based on Metro's percentage of fault.

Nevertheless, we must modify the judgment of the trial court because we reversed the trial court's allocation of fault in the 24 January 1997 opinion. In our opinion, this court concluded the trial court should have allocated eighty percent of the fault to Metro. Thus, it is the opinion of this court that Metro should be liable for eighty percent of Mrs. Sanford's discretionary costs.

Therefore, it is hereby ordered that the petition to rehear be granted and that the trial court enter an order assessing Metro with eighty percent of Mrs. Sanford's discretionary costs.

Enter this the ___ day of February 1997.

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE